HERNÁNDEZ ET AL., DEMANDANTES Y APELADOS, *v.* HERNÁNDEZ
ET AL., DEMANDADOS Y APELANTES.

APELACIÓN procedente de la Corte de Distrito de Humacao
en pleito sobre reivindicación.

No. 2781.—Resuelto en abril 2, 1923.

REIVINDICACIÓN—PRESCRIPCIÓN, DEFENSA DE—TERCERO, DEFENSA DE.—En una ac-
ción reivindicatoria las defensas de prescripción y de tercero deben ser es-
pecíficas y no pueden establecerse por primera vez en apelación.

ID.—PRUEBA DEL CARÁCTER DE HEREDERO—OBJECIONES TARDÍAS EN APELACIÓN.—
Una sentencia declaratoria de filiación que los demandantes presentaron como
prueba en una acción reivindicatoria para acreditar su condición de here-
deros, no puede ser atacada por primera vez en apelación.

ID.—ALEGACIONES—OBJECIONES TARDÍAS EN APELACIÓN.—En general cuando los
autos revelan que las partes han trabado contienda litigiosa sobre hechos y
que la parte opositora ha procedido en el juicio como si las cuestiones hu-
bieran sido debidamente levantadas por las alegaciones, el Tribunal Supremo
no insistirá en la existencia de alegaciones, ya en la demanda o en la con-
testación. Sin embargo, cuando no hay ninguna indicación de consentimiento
por la parte contraria o un impedimento contra ella (*estoppel*), no puede
un apelante levantar por primera vez cuestiones en apelación que debió ha-
ber presentado en las alegaciones.

ID.—HEREDERO—FILIACIÓN, SENTENCIA DE.—Una sentencia de filiación establece
la cualidad de heredero. *Méndez* v. *Martínez*, 26 D. P. R. 96.

Los hechos están expresados en la opinión.

Abogados de los apelantes: *Sres. C. Travecier* y *C. B.
Buitrago.*

Abogados de los apelados: *Sres. F. González* y *A. López.*

EL JUEZ ASOCIADO SR. WOLF, emitió la opinión del tri-
bunal.

Sandalio y Jesús Hernández Reyes fueron los deman-
dantes en este caso. Alegaron que eran los hijos natura-
les reconocidos de Ramón Hernández Ríos y que su refe-
rido padre, al ocurrir su fallecimiento, dejó cuatro hijos
naturales reconocidos, todos los cuales tenían derecho a la
finca objeto de la acción reivindicatoria. Los otros dos hijos
naturales reconocidos se llamaban Carmen y Josefa. Se alega
que Carmen vendió su participación hereditaria a Juan Pe-
dro y Gómez, de manera que éste último y Josefa Hernández
Reyes son los demandados en la acción. La demanda con-

tiene la debida alegación de estar los demandados detentando la posesión.

La contestación fechada en julio 23, 1921, negaba conjuntamente .algunos de los anteriores hechos y alegaba en forma positiva que en procedimientos de partición iniciados por la madre de Carmen y Josefa, se adjudicaron a cada una de las hijas porciones específicas de terreno segregado de la finca y que en 28 de julio, 1911, Josefa vendió su porción segregada de diez y seis cuerdas al demandado Juan Pedro Gómez; que Juan Pedro Gómez tenía inscrito su título en el registro de la propiedad desde hacía más de seis años. La contestación no contenía ninguna alegación ni exponía hechos tendentes a establecer un título por prescripción en el demandado Juan Pedro Gómez. La contestación asimismo no contenía ninguna alegación ni presentaba hechos tendentes a mostrar la defensa de tercero, ni se alega tampoco en dicha contestación la adquisición del título por Juan Pedro Gómez de alguien con título inscrito, sino meramente, como hemos indicado, que el referido Juan Pedro Gómez había inscrito su título. Ni es ésta aparentemente siquiera un caso en el cual se levantaron estas defensas en el juicio. Ni en la exposición del caso ni en la opinión de la corte hay ninguna indicación de tales defensas pero en el juicio otras y distintas defensas fueron levantadas. Se dictó sentencia en favor de los demandantes.

La defensa de prescripción es especial y debe ser alegada. *Torres* v. *Torres,* 29 D. P. R. 909. Dudamos a falta de alegación o enmienda en el juicio si tal defensa podía alguna vez ser suscitada con éxito, o sostener una sentencia. Ciertamente que tal defensa no puede plantearse por primera vez en apelación como pretende hacerlo el apelante en su tercer señalamiento de error. Alegan también los apelados que la contestación mostraba un período de posesión de menos de diez años. El demandado adquirió la finca en julio 23 de 1911. La demanda fué radicada en marzo 6, 1921.

Asimismo la defensa de ser tercero debe ser alegada específicamente (*Torres* v. *Torres, supra*) y no hacerse por primera vez en apelación como pretende el apelante en su segundo señalamiento de error.

El primer señalamiento era que la corte inferior cometió error al estimar que los demandantes habían probado su carácter de herederos abintestato de Ramón Hernández Ríos. Este no es un señalamiento de error muy específico considerando el vasto campo de argumentación que toma el apelante, incluyendo el ataque colateral que se hace contra la sentencia en otra acción por virtud de la cual los demandantes probaron u ofrecieron probar su estado legal de hijos naturales reconocidos.

El señalamiento de error debió haber sido de este modo. La corte inferior erró al sostener que la sentencia, nombrándola, probaba suficientemente el estado legal de los demandantes como hijos naturales reconocidos de Ramón Hernández Ríos.

Pero aún cuando los autos revelaran que tal ataque se hizo contra la sentencia de filiación presentada como prueba, debemos dudar, si no resolver, que la sentencia de filiación, que no es nula por su faz, no puede ser atacada colateralmente por supuestos errores tales como la suficiencia de la demanda o de la prueba, sino solamente por defectos relativos a la jurisdicción, u otros semejantes. Como los hechos ocurrieron no se hizo ninguna objeción a la sentencia como prueba. Por el contrario, a pesar de la objeción de los demandantes la corte admitió los autos en conjunto en el presente caso en el cual los demandantes sólo ofrecían como prueba la sentencia. Los apelados están justificados en decir que un ataque de la sentencia de filiación no puede hacerse de este modo por primera vez en apelación.

Verdad es que en la corte inferior disputaron los apelantes la suficiencia de la acción de filiación para establecer la filiación. La corte muy acertadamente resolvió que

tal defensa hubiera sido adecuada en la acción de filiación misma en la cual la propia Josefa Hernández Ríos intervino, pero no el presente caso. La corte, sin embargo, no consideraba la cuestión del ataque de la sentencia sino que estudiaba la esencia de la cuestión.

En general cuando esta corte puede ver claramente que las partes han trabado contienda litigiosa sobre hechos y que la parte opositora ha procedido en el juicio como si las cuestiones hubieran sido debidamente levantadas por las alegaciones, no insistiremos muy fuertemente en la existencia de alegaciones, ya en la demanda o en la contestación. Sin embargo, cuando no hay ninguna indicación de consentimiento por la parte contraria o un impedimento contra ella (*estoppel*), no puede un apelante levantar por primera vez cuestiones en apelación que debió haber presentado en las alegaciones.

Penetremos algo más en este bosque sin dirección. Dicen los apelantes que ellos negaron por falta de información que los demandantes tenían la condición de hijos naturales reconocidos de su alegado padre y sus derechos a la finca. Los apelados contestan a esto sintéticamente. Para probar su estado legal presentaron ellos la sentencia de la Corte de Distrito de Humacao de fecha febrero 12, 1913, por la cual aquella corte declaró que Jesús y Sandalio Hernández Reyes eran los hijos naturales reconocidos de Ramón Hernández Ríos. La finca, el fallecimiento del causante y otros particulares fueron admitidos en la contestación.

Los apelantes parece que creen que una mera sentencia de filiación no establece la cualidad de heredero, pero esta es una cuestión que fué levantada, considerada y resuelta adversamente a sus contenciones en el caso de *Méndez* v. *Martínez*, 26 D. P. R. 96.

Debe confirmarse la sentencia.

*Confirmada la sentencia apelada.*

Jueces concurrentes: Sres. Presidente del Toro y Asociados Aldrey y Hutchison.

El Juez Asociado Sr. Franco Soto no intervino en la resolución de este caso.